John SMITH, Appellant,

v.

STATE of Missouri, Respondent.

No. SC 84884.

Supreme Court of Missouri,
En Banc.

March 18, 2003.

Rehearing Denied April 22, 2003.

William J. Swift, Office of the Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shaun J. Mackelprang, John M. Morris, Asst. Attys. Gen., Jefferson City, for Respondent.

PER CURIAM.

John Smith stabbed two people to death. He was convicted of first-degree murder and sentenced to death. This Court af-firmed his convictions and sentence. *State v. Smith*, 32 S.W.3d 532 (Mo. banc 2000).

Although initially resisting doing so, Smith filed a motion for post-conviction relief under Rule 29.15. Appointed counsel filed an amended motion. Smith then sought to dismiss the motion, noting that he wanted his sentence carried out without further delay.[1] Appointed counsel sought a competency examination of Smith. After an evidentiary hearing, the motion court entered findings of fact and conclusions of law. The court determined that a competency examination was not warranted and ordered the post-conviction motion dismissed. This Court has jurisdiction. *Mo. Const. article V, section 10; order of June 16, 1988.* The appeal is dismissed.

At the hearing on Smith's motion to dismiss the Rule 29.15 motion, the appointed counsel offered three witnesses. None of these witnesses testified that Smith was incompetent to waive his Rule 29.15 motion.

The first witness was an investigator for the public defender office. She recounted a visit with Smith at the correctional center. Smith made it clear during the visit that he did not wish to proceed with the motion and did not wish to speak to the attorney about the motion. The witness described Smith as being "agitated" and "upset" because the attorney would not follow Smith's direction.

The second witness was a psychologist certified as a forensic examiner. He recounted Smith's history of depression, bipolar disorder, anxiety and the treatment received. He offered an opinion that a competency examination should be conducted to determine Smith's competency to forego appeals.

1. Smith also has filed a request with this Court to set a date for his execution.

The final witness was the chief of mental health services at the Potosi correctional center. After testifying that he was not able to make a recommendation as to Smith's competency, an offer of proof was made. The offer included the witness' conclusion that Smith should have further evaluation.

On cross-examination, however, the witness also testified that Smith was cooperative with the staff; that Smith was almost a model offender as far as his behavior at the institution; that Smith's mental health, given his medications and staff assistance, "is as good as" he had seen it; and that the most recent meeting with the psychiatrist indicated Smith was stable so that further adjustments were not needed in Smith's treatment. "[Smith's] behavior gives me no reason to be concerned about his safety or the safety of others around him."

The trial judge also personally questioned Smith. He informed Smith about the consequences of dismissing the post-conviction motion, including that this Court would set a date for execution. Smith indicated he understood the consequences. "I don't see a real life in prison. I can do it. I can live there. It's no problem. I just don't want to."

In this case, the motion court found that Smith was competent to decide to dismiss his motion. The court found that Smith understood the consequences of abandoning the motion; preferred to be executed rather than spend his life in prison; made his decision knowingly, intelligently and voluntarily; was rational and coherent; made his decision of his own free will and was not coerced; and was quite capable of making decisions notwithstanding a prior diagnosis as bipolar.

2. The result would not change even if the third witness' opinion of the desirability of an

Appellate review of the motion court decision is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. *Rule 29.15(k)*. Findings and conclusions are clearly erroneous if, after a review of the entire record, the court is left with the definite and firm impression that a mistake has been made. *Middleton v. State*, 80 S.W.3d 799, 804 (Mo. banc 2002). This Court holds that the motion court's findings are fully supported by the record.[2] Furthermore, this holding necessarily leads to the conclusion that there was no authority to bring this appeal.

The appeal is dismissed.

All concur.

examination were admitted.